UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KRYSTIN FORTH,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )  2:14-cv-00120-JMS-WGH<br>) |
| WAL-MART STORES EAST, LLP d/b/a WAL-MART STORE 1310,<br>    *Defendant*. | )<br>)<br>)<br>) |

## **ORDER**

On April 25, 2014, Defendant Wal-Mart Stores East, LLP d/b/a Wal-Mart Store 1310 ("Wal-Mart") filed a Notice of Removal in which it set forth its views regarding its citizenship, the citizenship of Plaintiff Krystin Forth, and the amount in controversy. [Filing No. 1.] While Wal-Mart did not explicitly say so in the Notice of Removal, it appears that it seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332 by alleging that it is a citizen of Delaware and Arkansas, Ms. Forth is a citizen of Indiana, and the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 1.]

On June 3, 2014, after the deadline for Ms. Forth to file her Local Rule 81-1 Statement had passed, the Court ordered her to file the Statement by June 10, 2014. [Filing No. 6.] When Ms. Forth failed to do so, the Court issued an Order requiring Ms. Forth to show cause by June 26, 2014 why she should not be sanctioned for failure to comply with the Court's June 3, 2014 Order. [Filing No. 7.] Ms. Forth filed a belated response to the Order to Show Cause on July 1, 2014, [Filing No. 8], along with a Jurisdictional Statement, [Filing No. 9]. The Court excuses Ms. Forth's late filing of both her response to the Order to Show Cause and her Local Rule 81-1 Statement, and **DISCHARGES** the Order to Show Cause, [Filing No. 7]. It cautions Ms. Forth

1

and her counsel, however, that compliance with all procedural rules – including local rules – is expected and required going forward.

As to the substance of Ms. Forth's Jurisdictional Statement, the Court notes that Ms. Forth agrees with Wal-Mart that she is an Indiana citizen. [Filing No. 9 at 1.] However, the Court cannot tell from Ms. Forth's Jurisdictional Statement whether she agrees with Wal-Mart's statements regarding its citizenship. Specifically, Wal-Mart sets forth its citizenship as well as the citizenships of its partners, traced down to the lowest level, [Filing No. 1], as required under 28 U.S.C. § 1332. *See Hart v. Terminix Int'l, 336 F.3d 541, 542-43 (7th Cir. 2003)* (Citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner" and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be"). Ms. Forth's response to Wal-Mart's allegations regarding its citizenship is simply that "Wal-Mart Store East, LLP, d/b/a…Wal-Mart Store 1310's principal place of business is Arkansas." [Filing No. 9.] The Court cannot discern from this response whether Ms. Forth agrees with Wal-Mart's other statements regarding its citizenship, which is both where it and its partners are incorporated, and where it and its partners have their principal places of business. *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business).

Additionally, Ms. Forth states that she "alleges she is entitled to an award in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs," [Filing No. 9 at 1], but the amount in controversy must exceed "$75,000, exclusive of *interest and costs*" for the Court to have diversity jurisdiction. 28 U.S.C. § 1332 (emphasis added). The Court cannot tell from Ms.

Forth's Jurisdictional Statement whether she agrees with Wal-Mart's representation in the Notice of Removal that the amount meets the "exclusive of interest and costs" requirement.

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). While it may seem otherwise, the Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Ms. Forth's Jurisdictional Statement, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

For these reasons, the Court **ORDERS** the parties to file a joint jurisdictional statement by **July 14, 2014**, setting forth the citizenship of each party and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on the contents of a joint statement, competing statements must be filed by that date.

**Distribution via ECF only to all counsel of record**